**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

ASPEN LICENSING
INTERNATIONAL, INC.,

      Plaintiff,

v.                                    CASE NO. 4:07cv195-RH/WCS

ASPEN TIME LTD. et al.,

      Defendants.

_____/

## ORDER OF DISMISSAL

      This is an action by a trademark owner against a licensee of the mark and the licensee's guarantors. Defendants have moved to dismiss or transfer for improper venue. Alternatively, defendants seek dismissal for failure to comply with a provision of the governing license agreement requiring nonbinding arbitration prior to any lawsuit. Concluding that nonbinding arbitration is a condition precedent to an action in court, I grant the motion to dismiss.

I

      According to the second amended complaint, plaintiff Aspen Licensing International, Inc. ("ALI") owns the "Aspen" mark at issue in this litigation. Used

in marketing skiwear beginning in the 1940s, the mark now is used on a variety of goods, including watches.  In 1997 ALI entered a licensing agreement — later amended three times — affording defendant Aspen Time Ltd. ("Aspen Time") the exclusive right to market watches under the Aspen mark throughout the United States.  Aspen Time failed to pay required royalties, failed timely to provide required sales reports, and failed to permit ALI to audit the relevant records.  Based on these alleged violations, ALI terminated the licensing agreement in May 2006 and allowed Aspen Time a six month sell-off period to dispose of its inventory of licensed product.

According to the second amended complaint, defendant Omni Quartz Ltd. ("Omni Quartz") guaranteed Aspen Time's performance under the licensing agreement.  Defendant Omni Watch and Clock Company, LLC ("Omni Watch"), a successor in interest to Omni Quartz, later assumed the guaranty obligation.  Omni Watch also marketed watches under the Aspen mark, though not authorized by the licensing agreement to do so.

ALI's second amended complaint alleges claims for trademark infringement (under the Lanham Act) and for breach of the license agreement.  Defendants, who assert the license agreement was not validly terminated and deny ALI's assertions of wrongdoing, have moved to dismiss for improper venue and failure to comply with a provision of the license agreement requiring submission of claims to

nonbinding arbitration. Alternatively, defendants seek transfer to their home district (the Eastern District of New York) or at least to ALI's home district (the Southern District of Florida), either for improper venue or for the convenience of the parties and witnesses and in the interest of justice under 28 U.S.C. §1404(a). ALI opposes the motion.

II

When (as in the case at bar) jurisdiction is not founded solely on diversity of citizenship, venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. §1391(b).

For venue purposes, a corporate defendant resides "in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. §1391(c). A limited liability company is treated for this purpose as a corporate defendant. *See Pipett v. Waterford Dev., LLC*, 166 F. Supp. 2d 233, 238 (E.D. Pa. 2001); *see also Denver & Rio Grande W. R.R. Co. v. Brotherhood of R.R. Trainmen*, 387 U.S. 556, 559-60, 87 S. Ct. 1746, 18 L. Ed. 2d 954 (1967) (treating labor union like corporate defendant for venue purposes); *Penrod Drilling Co. v.*

*Johnson*, 414 F.2d 1217, 1221 (5th Cir.1969) (treating partnership like corporate defendant for venue purposes).[1]  Under the law of the circuit, a corporate defendant that moves to dismiss for improper venue but does not include in the motion any challenge to personal jurisdiction waives not only any personal jurisdiction defense but also any assertion that, for venue purposes, the corporate defendant does not reside in the district.  *See Palmer v. Braun*,  376 F.3d 1254, 1260 (11th Cir. 2004).

In the case at bar, as in *Palmer*, defendants moved to dismiss for improper venue but did include in the motion any challenge to personal jurisdiction.  In the case at bar, as in *Palmer*, defendants waived any objection to venue.[2]

III

That defendants waived their venue defense does not mean that they waived the assertion that this action should be transferred for the convenience of parties and witnesses and in the interest of justice as allowed by 28 U.S.C. §1404(a).  But

---

[1] The parties did not cite these cases in their papers.  In announcing a preliminary ruling at the hearing of November 9, 2007, I incorrectly concluded that the limited liability company defendant did not reside in this district, rendering venue improper.  This order corrects that preliminary ruling.  This does not affect the bottom line — dismissal remains appropriate because of failure to comply with the nonbinding arbitration condition precedent, as addressed ahead.

[2] To be sure, *Palmer* was a copyright case in which venue was governed by 28 U.S.C. §1400, while in the case at bar the governing venue statute is 28 U.S.C. §1391(b).  But this is a distinction without a difference.  Under either statute, venue in an action against corporate defendants is proper in any district where the defendants are subject to personal jurisdiction.  The rationale for the waiver rule adopted in *Palmer* for §1400 applies equally under §1391(b).

*Case No: 4:07cv195-RH/WCS*

the condition precedent issue is fully briefed and, as it turns out, dispositive.

Transferring the action would entail delay, would require another judge to become familiar with the issues, would squander both attorney and judicial resources, and would not serve the convenience of the parties or witnesses or the interest of justice. As a matter of discretion, I decline to transfer the action.

IV

The ALI-Aspen Time license agreement requires submission of "any dispute" to nonbinding arbitration:

> The parties agree to try to resolve any dispute concerning this Agreement in an amicable manner. *Any dispute* which cannot be so resolved *shall be submitted to non-binding arbitration* under the rules of the American Arbitration Association in West Palm Beach, Florida before a single arbitrator by mutual agreement of the parties.

License Agreement (document 13-4) at 11 ¶GP 31 (emphasis added). The provision is unambiguous and mandatory, admitting of no exceptions and giving neither side an option unilaterally to opt out.

Compliance with this provision thus is a condition precedent to an action in court. ALI admits that it filed this action without submitting its claims to nonbinding arbitration. ALI has suggested no reason why compliance with the plain terms of the agreement should be excused. Courts repeatedly have enforced provisions of this type. *See Interwave Tech., Inc. v. Rockwell Automation, Inc.*, No. Civ.A.05-398, 2005 WL 3605272, at 7 n.1 (E.D. Pa. Dec. 30, 2005) (collecting

cases).

To be sure, nonbinding arbitration is not "arbitration" as the term is defined in the Federal Arbitration Act. *See Advanced Bodycare Solutions LLC v. Thione Intern., Inc.*, --- F. Supp. 2d ----, 2007 WL 1246024, at 6 (S.D. Fla. Apr. 30, 2007) (concluding that nonbinding arbitration "does not mesh with the concept of 'arbitration' within the contemplation of the FAA"). But this means only that the provisions of the Federal Arbitration Act do not apply. Basic contract law principles remain fully applicable. The parties were free to agree to whatever terms they deemed appropriate, so long as not prohibited by law. Nothing in the Federal Arbitration Act (or in any other statute or the common law) precluded the parties' from contracting, as they did, to submit claims to nonbinding arbitration prior to filing an action in court.[3]

Finally, all of ALI's claims in this action come within the nonbinding arbitration clause's coverage. By its terms, the clause applies to "any dispute

---

[3] *Advanced Bodycare* is not to the contrary. There the parties agreed to nonbinding arbitration or mediation. Defendant sought to require arbitration under the Federal Arbitration Act and apparently made no claim that arbitration was required not under the Act but as a matter of contract law. The court concluded that the Act did not bar the action, both because the agreement gave the parties an option of either arbitration *or mediation*, and because in any event nonbinding arbitration is not subject to the Act. The court did not address the distinct issue of whether clauses of this type are enforceable as a matter of contract law. If the decision could be viewed as resolving this issue implicitly, the decision would be against the weight of authority (see cases collected in *Interwave*) and contrary to a sound application of contract principles.

concerning this Agreement." This obviously includes any claim for breach of the license agreement itself. And even ALI's statutory trademark infringement claim is a "dispute concerning" the license agreement. This is so because the infringement claim relies on ALI's alleged termination of the license agreement. Defendants assert, in response, that the license agreement was not validly terminated. Under any reasonable construction, therefore, the trademark infringement claim is a dispute "concerning" the license agreement.

V

ALI and Aspen Time entered a license agreement requiring nonbinding arbitration of any dispute prior to institution of an action in court. ALI filed this action without complying with the nonbinding arbitration clause. The action is premature. Accordingly,

IT IS ORDERED:

Defendants' motion to dismiss (document 21) is GRANTED. The clerk shall enter judgment stating, "This action is dismissed without prejudice for failure

to comply with the condition precedent of nonbinding arbitration." The clerk shall close the file.

    SO ORDERED this 26th day of November, 2007.

                                                  s/Robert L. Hinkle
                                                Chief United States District Judge